UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00441-FDW-DCK

| | |
|---|---|
| ANGELA MARIE SHORT *as Administratrix of the Estate of* Deborah Sue Patterson, </br></br>Plaintiff, </br></br>vs. </br></br>CITY OF GASTONIA, J.A. WILLIAMS, and GASTONIA POLICE DEPARTMENT, </br></br>Defendants. | ORDER |

THIS MATTER is before the Court on Defendants City of Gastonia, J.A. Williams, and Gastonia Police Department's Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Doc. No. 4). For the reasons stated below, Defendants' Motion for Judgment on the Pleadings is GRANTED.

## I. BACKGROUND

This action arises out of the alleged wrongful death of Deborah Sue Patterson ("Patterson"). (Doc. No. 1–1, pp. 6–8). Plaintiff brings this action on behalf of the deceased, Patterson. (Doc. No. 1–1, p. 2). Plaintiff alleges that on July 23, 2016, at approximately 5:50 pm, Thomas Hampton Kirkland Jr. ("Kirkland") drove Patterson to Target to purchase several items. Id. at 3. Plaintiff alleges that, unbeknownst to Patterson, Kirkland stole items from the store before returning to the vehicle. Id. Plaintiff alleges that Defendant Officer J.A. Williams ("Defendant Williams") initiated a pursuit of Kirkland from the Target parking lot upon suspicion that Kirkland had committed a larceny. Id. Plaintiff alleges that Defendant Williams pursued Kirkland on E. Franklin Boulevard, a street known to be heavily traveled in Gastonia. Id. Defendant Williams

1

continued his pursuit despite Kirkland's failure to stop for Defendant Williams' lights and sirens. Id. Plaintiff alleges that the vehicles reached speeds of over eighty miles per hour in an area surrounded by heavy traffic. Id. Patterson, riding in the passenger seat of Kirkland's vehicle, died in the resulting car crash following the police pursuit. Id. at 2–3.

Plaintiff commenced this action against Defendants City of Gastonia, J.A. Williams, and Gastonia Police Department in state court on June 27, 2018. (Doc. No. 1-1). On August 10, 2018, Defendants City of Gastonia, J.A. Williams, and Gastonia Police Department removed the case to Federal Court. (Doc. No. 1). Defendants now move for Judgment on the Pleadings under Rule 12(c). (Doc. No. 4).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In resolving a motion for judgment on the pleadings, the court must accept all of the nonmovant's factual allegations as true and draw all reasonable inferences in their favor. Bradley v. Ramsey, 329 F.Supp.2d 617, 622 (W.D.N.C. 2004). Judgment on the pleadings is warranted where the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law. Id. The court is permitted to consider the complaint, answer, and any materials attached to those pleadings or motions for judgment on the pleadings "so long as they are integral to the complaint and authentic." Philips v. Pitt Cty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

Unlike a Rule 12(b)(6) motion, the court may consider the answer as well on a Rule 12(c) Motion. Alexander v. City of Greensboro, 801 F.Supp.2d 429, 433 (M.D.N.C.2011). Although a motion for judgment on the pleadings pursuant to Rule 12(c) is separate and distinct from a motion to dismiss under Rule 12(b)(6), federal courts apply the same standard for Rule 12(c) motions as

for motions made pursuant to Rule 12(b)(6). Indep. News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009); Burbach Broad. Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401, 405–06 (4th Cir. 2002); Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).

Applying the Rule 12(b)(6) standard in the context of a Rule 12(c) motion, the question for this Court is whether Plaintiff has stated a claim against Defendants City of Gastonia, J.A. Williams, and the Gastonia Police Department that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). A claim is plausible when plaintiff alleges facts that would allow this court to draw a reasonable inference that Defendants could be liable for the alleged misconduct. Id.

### III. ANALYSIS

Plaintiff brings suit on behalf of the deceased, Deborah Sue Patterson ("Patterson") alleging four claims for relief: (1) Gross Negligence (Against J.A. Williams); (2) Negligence (Against Gastonia Police Department); (3) Negligence (Against City of Gastonia); and (4) 42 U.S.C. §1983 (Against City of Gastonia and J.A. Williams). (Doc. No. 1–1, pp. 4–7).

Defendant argues that Plaintiff's Section 1983 claim fails because Plaintiff has not suffered a deprivation of a federal right. (Doc. No. 4, p. 4). The two essential elements in any Section 1983 action is (1) whether the conduct complained of was committed by a person acting under the color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or the laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981); see also 42 U.S.C. § 1983. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising under tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles." Baker v. McCollan, 443 U.S. 137, 146, 99 S.Ct. 2689 (1979).

3

The Fourth Circuit has held that the standard applicable for Section 1983 substantive due process claims involving police "chase cases" is the "shocks the conscience" standard. See Temkin v. Frederick Cty. Com'rs, 945 F.2d 716, 723 (4th Cir. 1991). In Temkin, the question before the Fourth Circuit was whether, as a matter law, the officer's conduct shocks the conscience as to constitute an abuse of governmental power violative of plaintiff's constitutional liberty interests, despite the existence of state tort laws under which the conduct is otherwise clearly actionable. 945 F.2d at 720. There, Plaintiff cited specific facts which he contended would demonstrate the officer's conduct was violative of the applicable standard of care: (1) the chase continued for a significant period of time over a ten mile area; (2) the chase continued at a very high rate of speed; (3) the chase was initiated because of a minor violation; (4) the police already had, at a minimum, a partial identification of the license plate of the suspect vehicle; (5) the chase violated General Order # 204 because the officer failed to maintain radio contact with his supervisor throughout; (6) the chase took place at night; and (7) the expert testified that the officer's conduct was "reckless," "totally irresponsible," and "wanton." Id. However, the Fourth Circuit held that the conduct fell short of the "shocks the conscience" standard required to rise to the level of a violation of substantive due process cognizable under Section 1983. Id.

Here, Plaintiff similarly alleges that Defendant Williams (1) engaged in a high speed and dangerous pursuit of Kirkland despite the possible consequences and threat to the safety and lives of others on the highway, particularly when he knew of should have known that Kirkland was suspected only of committing misdemeanor larceny and was easily identifiable; (2) drove at excessive speeds in reckless disregard of the safety of others in violation of G.S. § 20-145; (3) failed to keep a proper lookout; and (4) operated his respective vehicle in a careless, heedless, reckless, willful or wanton manner in disregard of the safety of others, particularly Plaintiff's

4

intestate, notwithstanding the fact that they may have been in pursuit of a suspected misdemeanant, when he knew or should have known that the vehicle which he was pursuing was guilty, if anything, only of a misdemeanor; (5) engaged in a high speed pursuit of a suspected misdemeanant, without regard to the safety and lives of others, when he knew or should have known that he had been improperly or inadequately trained and lacked the skill or judgment necessary to engage in a high speed pursuit; (6) engaged in the pursuit of Kirkland in a careless, heedless, reckless willful or wanton manner in disregard of the safety of others, in violation of the departmental chase policy; and (7) engaged in a high speed police chase, at speeds at times almost double the posted speed within the city limits of Gastonia, North Carolina, in a commercial area, and culminating in the collision resulting in the death of Plaintiffs intestate. (Doc. No. 1–1, p. 4).

Judgment on the pleadings is warranted where the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law. Bradley, 329 F.Supp.2d at 622. Given the similarities between the facts in Temkin and the facts alleged by Plaintiff in this case, the Court also finds that, as a matter of law, the conduct alleged does not rise to the level of a cognizable claim under Section 1983.

Defendants also argue that Plaintiff's Section 1983 claim fails because Plaintiff fails to allege that an official policy or custom deprived Plaintiff of a federal right. (Doc. No. 4, p. 6).

"Cities are not liable under § 1983 based on a theory of *respondeat superior*." Wilcoxson v. City of Raleigh, 2014 WL 3895940 *4 (E.D.N.C. July 18, 2014) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 436 S.Ct. 2018 (1978)). To state a cause of action against a municipality, a plaintiff must plead "(1) the existence of an official policy or custom; (2) that the policy or custom is fairly attributable to the municipality; and (3) that the policy or custom proximately caused the deprivation of a constitutional right." Pettiford v. City of Greensboro, 556 F.Supp.2d

5

512, 530 (M.D.N.C.2008) (citing Jordan ex rel. Jordan v. Jackson, 15 F.3d 333, 338 (4th Cir. 1994)). The Fourth Circuit identified four potential sources of "official policy or custom" giving rise to municipal liability: (1) "written ordinances and regulations;" (2) "affirmative decisions of individual policymaking officials;" (3) "omissions by policymaking officials "that manifest deliberate indifference to the rights of the citizens;" or (4) a practice "so persistent and widespread and so permanent and well settled as to constitute a custom or usage with the force of law." Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999) (citing Monell, 436 U.S. at 690–91). Plaintiff appears to focus on the first and third grounds.

First, Plaintiff appears to cite to a written regulation that might serve as a basis for municipal liability. (Doc. No. 1–1, p. 4). Plaintiff alleges that at the time of the chase, Defendant Gastonia Police Department had in effect a series of general orders regarding vehicular pursuits that provided "that pursuits are permitted and justified only when the necessity of immediate apprehension outweighs the degree of danger created by the pursuit." Id. While Plaintiff has plead the existence of an official policy and that the policy is fairly attributable to the municipality, Plaintiff has failed to plead that the policy caused the deprivation of a constitutional right.

"Where the policy relied upon is not itself unconstitutional, considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the 'policy' and the constitutional deprivation." City of Oklahoma City v. Tuttle, 471 U.S. 808, 824, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). Here, Plaintiff has not plead a causal connection between the official policy and the constitutional deprivation. Thus, Plaintiff fails to sufficiently state a cause of action.

Plaintiff also appears to assert municipal liability on the third ground, alleging that omissions by policymaking officials manifest deliberate indifference to the rights of the citizens.

Plaintiff relies on the following allegations in the Complaint relevant to the Section 1983 claim against Defendant City of Gastonia:

> Among the proximate causes of the collision and resulting death of Plaintiff's intestate, Deborah Sue Patterson, was the negligence of Defendant, Gastonia Police, acting through its agents, servants or employees, in the following particulars among others:
> a. In allowing its Officer Williams to engage in a high speed police chase, at speeds at times almost double the posted speed within the city limits of Gastonia, North Carolina, in a commercial area, and culminating in the collision resulting in the death of Plaintiff s intestate;
> b. In that it failed to develop a rational and restrictive "chase policy" with clear, objective criteria and to fully instruct its officers therein to make decisions concerning the pursuit of alleged lawbreakers; and
> c. It failed to adequately instruct or train its officers in high speed pursuit techniques and decision-making processes.

(Doc. No. 1–1, p. 6).

Here, Plaintiff has not presented any facts to support her claim that Defendant failed to develop a chase policy or properly train its officers regarding high speed pursuit techniques and decision-making processes. Moreover, Plaintiff has presented no facts indicating that the alleged failure to develop a chase policy or properly train its officers resulted from Defendant's deliberate indifference to citizens' constitutional rights. Rather, Plaintiff summarily concludes that:

> The acts and omissions on the part of the Defendants in this case were pursuant to a pattern and practice of the Gastonia Police Department and were conducted or omitted unlawfully, willfully, wantonly, and calculated to violate the rights of Plaintiff's intestate secured to her by the Constitution of the United States and of the State of North Carolina, in violation of the provisions of 42 U.S. C. §1983, Civil Rights Act of 1971.

(Doc. No. 1–1, p. 7). While the Court does not require "detailed factual allegations," a plaintiff is required to plead more than "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 680–81, 129 S.Ct. 1937 (internal citations omitted). Here, Plaintiff's summary legal conclusions in support of her claim merely amount to "formulaic recitation of the elements" and are inadequate to support her claim. Id. (internal citations omitted). Thus, Plaintiff fails to

7

plead the existence of an official custom on which to satisfy a cause of action against Defendant City of Gastonia. For these reasons, Plaintiff's 42 U.S.C. §1983 claim fails.

The Fourth Circuit has held that a federal court is obligated to dismiss a case whenever it appears the court lacks subject matter jurisdiction. <u>Goldsmith v. Mayor & City Council of Baltimore</u>, 845 F.2d 61, 64 (4th Cir. 1988). This Court lacks subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's 42 U.S.C. §1983 claim is dismissed.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's state claims are DISMISSED for lack of subject matter jurisdiction. In light of this ruling, Plaintiff's state claims are REMANDED to state court.

IT IS THEREFORE ORDERED that Defendant's Motion for a Judgment on the Pleadings (Doc. No. 4) is GRANTED without prejudice.

IT IS SO ORDERED.

Signed: September 25, 2018

Frank D. Whitney
Chief United States District Judge